J-S02044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ALONZO WALLACE | : | |
| | : | |
| Appellant | : | No. 882 EDA 2018 |

Appeal from the PCRA Order March 9, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008101-2014

BEFORE:  GANTMAN, P.J.E., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.: **FILED MARCH 20, 2019**

Appellant, Alonzo Wallace, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows.  In early January 2014, Appellant's coconspirator, Kimberly Cook, encountered and befriended Victim, a pizza delivery driver.  While exchanging phone numbers with Victim, Cook observed US currency on the floor of Victim's vehicle.  Cook told her boyfriend, co-defendant Hakim Blatch, about Victim and asked Blatch to rob Victim.  Blatch agreed and arranged for co-defendants, Appellant and Quadir Jeffries, to aid in the robbery.  On January 18, 2014, Cook arranged to meet Victim under the pretense of a sexual

encounter. Once at Victim's apartment, Cook allowed Blatch, Jeffries, and Appellant to enter the building. Blatch, Jeffries, and Appellant then attacked Victim, beat him, and stole a tin containing marijuana and cash. When Victim's neighbor heard the commotion and opened his door to see what was happening, Appellant shot at the neighbor through the door. The bullet struck Victim's neighbor in his left arm.

Victim, Victim's neighbor, and Appellant's cohorts identified Appellant as the shooter in the case, and police arrested Appellant on June 11, 2014. On December 10, 2015, a jury convicted Appellant of two counts of aggravated assault, plus one count each of burglary, robbery, conspiracy, and carrying a firearm without a license. The court sentenced Appellant on February 17, 2016, to an aggregate thirty (30) to sixty (60) years' imprisonment. This Court affirmed the judgment of sentence on April 17, 2017. **See Commonwealth v. Wallace**, 169 A.3d 1170 (Pa.Super. 2017) (unpublished memorandum).

On May 11, 2017, Appellant filed a *pro se* PCRA petition. The court appointed PCRA counsel, who filed an amended petition seeking reinstatement of Appellant's rights to file a petition for allowance of appeal with our Supreme Court, but he later withdrew that request. On December 8, 2017, PCRA counsel filed a **Turner/Finley**[1] letter and a motion to withdraw as counsel.

---

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (1988).

Counsel supplemented his ***Turner/Finley*** letter on January 10, 2018. On January 26, 2018, the court issued notice of its intent to dismiss the PCRA petition without a hearing, per Pa.R.Crim.P. 907. Appellant *pro se* responded on February 15, 2018. On March 9, 2018, the court dismissed Appellant's PCRA petition and granted counsel's motion to withdraw. Appellant timely filed a notice of appeal on March 23, 2018. On the same day, the court ordered Appellant to file a concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b); Appellant timely complied.

Appellant raises the following issues on appeal:

I.      (a) DID THE PCRA COURT ERR WHEN IT DENIED [APPELLANT'S] PCRA PETITION WHEN TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO TIMELY FILE OMNIBUS PRETRIAL MOTIONS?

        (b) WAS PCRA COUNSEL INEFFECTIVE FOR FAILING TO ARGUE THIS ISSUE AND REQUEST AN EVIDENTIARY HEARING?

II.     (a) DID THE PCRA COURT ERR WHEN IT DENIED [APPELLANT'S] PCRA PETITION CLAIMING TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A SEVERANCE MOTION PRE-TRIAL?

        (b) WAS PCRA COUNSEL INEFFECTIVE FOR FAILING TO ARGUE THIS ISSUE AND REQUEST AN EVIDENTIARY HEARING?

III.    (a) DID THE PCRA COURT ERR WHEN IT DENIED [APPELLANT'S] PCRA PETITION WHEN TRIAL COUNSEL FAILED TO FILE A MOTION ARGUING THE WEIGHT OF THE EVIDENCE POST-SENTENCE?

        (b) WAS PCRA COUNSEL INEFFECTIVE FOR FAILING TO ARGUE THIS ISSUE AND REQUEST AN EVIDENTIARY HEARING?

IV.  (a) DID THE PCRA COURT ERR WHEN IT DENIED [APPELLANT'S] PCRA PETITION WHEN TRIAL COUNSEL FAILED TO OBJECT TO COMMONWEALTH WITNESS, KIMBERLY COOK'S HEARSAY TESTIMONY?

(b) WAS PCRA COUNSEL INEFFECTIVE FOR FAILING TO ARGUE THIS ISSUE AND REQUEST AN EVIDENTIARY HEARING?

V.  (a) DID THE PCRA COURT ERR WHEN IT DENIED [APPELLANT'S] PCRA PETITION WHEN TRIAL COUNSEL FAILED TO PROVIDE EFFECTIVE ASSISTANCE OF COUNSEL BY ARGUING THE MERGER DOCTRINE?

(b) WAS THE PCRA COUNSEL INEFFECTIVE FOR FAILING TO ARGUE THIS ISSUE AND REQUEST AN EVIDENTIARY HEARING?

VI.  (a) DID THE COMMONWEALTH FAIL TO PROVE THE ELEMENTS OF AGGRAVATED ASSAULT W/SERIOUS INJURY WITH REGARDS TO MR. SCOTT?

VII. (a) DID THE PCRA COURT ERR WHEN IT DENIED [APPELLANT'S] PCRA PETITION?

(b) DID PCRA COUNSEL, JOHN P. COTTER PROVIDE INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE FILED A **TURNER/FINLEY** LETTER AND FAILED TO ARGUE ANY OF THE ABOVE SEVEN ISSUES WHEN ALL SEVEN ISSUES HAVE MERIT AND PCRA COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST AN EVIDENTIARY HEARING?

VIII. ATTORNEY ROBERT E. TRIMBLE (TRIAL COUNSEL) PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO REQUEST A **KLOIBER** INSTRUCTION PURSUANT TO **COMMONWEALTH V. KLOIBER**, [378 PA. 412, 106 A.2D 820 (1954)] AND WAS ATTORNEY COTTER (PCRA COUNSEL) INEFFECTIVE FOR FAILING TO PRESENT THIS CLAIM IN AN AMENDED PCRA PETITION WHEN [APPELLANT] RAISED THIS ISSUE IN HIS 907 RESPONSE?

IX.  WAS ATTORNEY JOHN P. COTTER (PCRA COUNSEL) INEFFECTIVE FOR FAILING TO REQUEST AN EVIDENTIARY

HEARING WHEN [APPELLANT] PRESENTED "MATERIAL FACTS" WITHIN HIS *PRO SE* PCRA PETITION AND DID JUDGE BRONSON ABUSE HIS DISCRETION FOR FAILING TO ADDRESS [APPELLANT'S] ISSUES IN AN INDEPENDENT REVIEW AND OPINION AND DID THE HONORABLE JUDGE GLENN B. BRONSON ABUSE HIS D[I]SCRETION FOR FAILING TO ORDER THE COMMONWEALTH FILE AN ANSWER PURSUANT TO RULE 906?

(Appellant's Brief at 10-11).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to relief, and no purpose would be served by any further proceedings. **Commonwealth v. Wah**, 42 A.3d 335 (Pa.Super. 2012).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Glenn B. Bronson, we conclude Appellant's issues merit no relief. The PCRA court

- 5 -

opinion comprehensively discusses and properly disposes of the questions presented. (**See** PCRA Court Opinion, filed May 25, 2018, at 3-15) (finding: **(1)** Appellant fails to identify form of relief counsel should have sought in omnibus pretrial motion so claim is technically waived; absent reason to file pretrial motion, counsel cannot be deemed ineffective for failing to file one; **(2)** record belies Appellant's severance claim, where counsel did file motion for severance, which court properly denied after hearing; **(3)** record belies Appellant's weight claim, where counsel did file post-sentence motion challenging weight of evidence, which court properly denied and appellate court rejected on appeal; **(4)** Appellant's hearsay claim lacks arguable merit, where prior statements were admissible under exceptions to hearsay rule, such as prior inconsistent statements to police, which witness signed and adopted; statements of Appellant were admissible as admission of party opponent or in furtherance of ongoing conspiracy; **(5)** Appellant's merger claim lacks arguable merit, where aggravated assault and robbery did not merge for sentencing purposes under circumstances of this case; **(6)** record belies Appellant's sufficiency claim, where counsel did file post-sentence motion challenging sufficiency of evidence regarding aggravated assault/serious bodily injury, which court properly denied and appellate court rejected on appeal; **(8)** Appellant's **Kloiber** issue lacks arguable merit, where counsel had no reason to request instruction; witness had adequate basis for identification of Appellant and had no difficulty identifying him in video stills

from crime scene, in photo array, and at trial; **(7)** and **(9)** Appellant's issues were frivolous or lacked arguable merit, so PCRA counsel cannot be deemed ineffective for filing ***Turner/Finley*** no-merit letter; likewise, PCRA court had no reason to hold hearing on Appellant's claims).  The record supports the court's decision to deny PCRA relief without a hearing on the grounds asserted. Accordingly, we affirm based on the PCRA court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/19

**FILED**

2018 MAY 25 PM 2:42

OFFICE OF JUDICIAL RECORDS
CRIMINAL DIVISION
FIRST JUDICIAL DISTRICT
OF PENNS~

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

v.

ALONZO WALLACE

:
:
:
:
:
:
:
:

CP-51-CR-0008101-2014

CP-51-CR-0008101-2014 Comm. v. Wallace, Alonzo
Opinion

8114808461

OPINION

BRONSON, J.                                             May 25, 2018

On December 10, 2015, following a jury trial before this Court, defendant Alonzo

Wallace was convicted of two counts of aggravated assault (18 Pa.C.S. § 2702(a)(1)), and one

count each of burglary (18 Pa.C.S. § 3502(a)(1)), robbery (18 Pa.C.S. § 3701(a)(1)(ii)),

conspiracy to commit robbery (18 Pa.C.S. §§ 903 & 3701), and carrying a firearm without a

license (18 Pa.C.S. § 6106). Defendant was jointly tried with co-defendants Quadir Jeffries and

Hakim Blatch. On February 17, 2016, the Court imposed consecutive terms of 10 to 20 years

imprisonment for robbery and 10 to 20 years imprisonment for each count of aggravated assault,

with concurrent terms of 3 to 6 years imprisonment for conspiracy to commit robbery, 5 to 10

years imprisonment for burglary, and 3 ½ to 7 years imprisonment for carrying a firearm without

a license, for an aggregate sentence of 30 to 60 years imprisonment. Defendant was represented

at trial, sentencing, and on appeal by Robert Trimble, Esquire.

On appeal, Mr. Trimble filed a petition to withdraw with the Superior Court, along with a

brief stating that the appeal was frivolous pursuant to *Anders v. California*, 386 U.S. 738 (1967)

and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). On April 17, 2017, the Superior

Court affirmed the judgment of sentence and granted counsel's petition to withdraw, agreeing that the appeal was wholly frivolous. Superior Court Opinion, filed April 17, 2017 at p. 1.

On May 11, 2017, defendant filed a *pro se* petition under the under the Post Conviction Relief Act ("PCRA"). John Cotter, Esquire was appointed to represent defendant on June 8, 2017. On June 21, 2017, Mr. Cotter submitted an Amended Petition on defendant's behalf, seeking reinstatement of defendant's *allocatur* rights, which he later withdrew. On December 8, 2017, Mr. Cotter filed a letter stating that there was no merit to defendant's claims for collateral relief ("*Finley* Letter"). On January 10, 2018, Mr. Cotter submitted a Supplemental *Finley* Letter. On January 26, 2018, the Court issued notice, pursuant to Pa.R.Crim.P. 907 ("907 Notice") of its intention to dismiss defendant's petition without a hearing. Defendant submitted a response to the Court's 907 Notice on February 27, 2018. On March 9, 2018, the Court dismissed defendant's PCRA petition and granted Mr. Cotter's motion to withdraw his appearance.

Defendant *pro se* has now appealed the Court's dismissal of his PCRA Petition, alleging that trial counsel was ineffective for failing to do the following: 1) file omnibus pretrial motions; 2) file a severance motion; 3) raise a weight of the evidence claim in a post-sentence motion; 4) object to witness Kimberly Cook's hearsay testimony; 5) argue the merger doctrine; 6) challenge the sufficiency of the evidence as to the aggravated assault conviction regarding victim Michael Scott; and 7) request a *Kloiber* instruction. Statement of Matters Complained of on Appeal (Pa.R.A.P. 1925(b)) ("Statement of Matters") at ¶¶ 1-7. In addition, defendant contends that PCRA counsel was ineffective for failing to raise these claims of trial counsel ineffectiveness and for failing to request an evidentiary hearing on the issues. *Id.* Defendant also separately alleges that PCRA counsel was ineffective for filing a *Finley* letter and failing to argue that the

2

above claims had merit. *Id.* at ¶ 8. For the reasons set forth below, defendant's claims are either without merit or waived, and the PCRA Court's order dismissing his petition should be affirmed.

## II. FACTUAL BACKGROUND

The facts of this case are summarized in the Superior Court's opinion of April 17, 2017, affirming the trial court's judgment of sentence on direct appeal. *See* Superior Court Opinion, filed April 17, 2017 at pp. 2-5.

## III. DISCUSSION

If court-appointed counsel for a PCRA petitioner determines that the issues the petitioner raises for collateral review are meritless, and the PCRA court concurs, counsel may withdraw and the petitioner may proceed *pro se*, by privately retained counsel, or not at all. *Finley*, 550 A.2d at 218. To be permitted to withdraw, petitioner's counsel must file a no-merit letter, or "*Finley* letter," detailing the nature and extent of counsel's review and listing each issue the petitioner wished to raise, with counsel's explanation as to why the issues are meritless. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009) (citing *Finley*, 550 A.2d at 215). After reviewing a *Finley* letter, the PCRA court is required to independently review the record to evaluate the petitioner's claims. *Id.* A PCRA petition may be dismissed without a hearing if the Court determines that there are no claims of arguable merit and no purpose would be served by further proceedings. *Commonwealth v. Lignons*, 971 A.2d 1125, 1143 (Pa. 2009); *see* Pa.R.Crim.P. 907(1).

In his *Finley* Letter and Supplemental *Finley* Letter, Mr. Cotter stated his opinion that defendant's claims had no arguable merit. After an independent review of the record, the Court agrees with Mr. Cotter. Each of defendant's PCRA appellate claims is considered below.

3

Initially, the Court notes that all of defendant's claims are premised upon his contention that he received ineffective assistance of counsel. Under Pennsylvania law, counsel is presumed to be effective and the burden to prove otherwise lies with the petitioner. *Commonwealth v. Basemore*, 744 A.2d 717, 728 (Pa. 2000), n.10 (citing *Commonwealth v. Copenhefer*, 719 A.2d 242, 250 (Pa. 1998)). To obtain collateral relief based on the ineffective assistance of counsel, a petitioner must show that counsel's representation fell below accepted standards of advocacy and that as a result thereof, the petitioner was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In Pennsylvania, the *Strickland* standard is interpreted as requiring proof that: (1) the claim underlying the ineffectiveness claim had arguable merit; (2) counsel's actions lacked any reasonable basis; and (3) the ineffectiveness of counsel caused the petitioner prejudice. *Commonwealth v. Miller*, 987 A.2d 638, 648 (Pa. 2009); *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987). To satisfy the third prong of the test, the petitioner must prove that, but for counsel's error, there is a reasonable probability that the outcome of the proceeding would have been different. *Commonwealth v. Sneed*, 899 A.2d 1067, 1084 (Pa. 2006) (citing *Strickland*, 466 U.S. at 694). If the PCRA court determines that any one of the three prongs cannot be met, then the court need not hold an evidentiary hearing as such a hearing would serve no purpose. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super.), *appeal denied*, 956 A.2d 433 (Pa. 2008).

*A. Failure to File Omnibus Pretrial Motion for Relief*

Defendant first claims that trial counsel was ineffective for "failing to timely file omnibus pre-trial motions," and that PCRA counsel was ineffective for failing to argue this issue and request an evidentiary hearing. Statement of Matters at ¶ 1. Defendant fails, however, to identify any form of relief that trial counsel should have sought in an omnibus motion.

4

Accordingly, this claim is waived. *See Commonwealth v. Cannon*, 954 A.2d 1222, 1228 (Pa. Super. 2008), *app. denied*, 964 A.2d 893 (Pa. 2009) (where a defendant makes a vague and generalized objection on appeal that leaves the trial court to guess at his claims, those claims are deemed to have been waived).

Even if the claim had not been waived, it would still not entitle defendant to PCRA relief. In his *Finley* Letter, Mr. Cotter stated his opinion that counsel had no reason to file an omnibus pretrial motion. *Finley* Letter at p. 1. After independently reviewing the record, the Court agrees with Mr. Cotter's assessment. Therefore, trial counsel could not have been ineffective for failing to file an omnibus pretrial motion, and PCRA counsel was not ineffective for failing to present this claim. No relief is due.

### B. Failure to File Motion for Severance

Defendant next claims that trial counsel was ineffective for "failing to file a severance motion pre-trial." Statement of Matters at ¶ 2. Additionally, defendant claims that PCRA counsel was ineffective for failing to argue and request an evidentiary hearing on this issue. *Id.*

Defendant's claim, as stated, is frivolous. The record demonstrates that trial counsel *did* make a pre-trial severance motion in this case, which the Court denied after hearing argument.[1] Moreover, defendant could not make a cognizable PCRA claim that the Court erred in denying his severance motion since that claim could have, but was not, raised on direct appeal. 42 Pa.C.S. § 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, [or] on appeal"); see *Commonwealth v. Lambert*, 797 A.2d 232, 240 (Pa.

---

[1] Because the severance issue involved an ongoing homicide investigation, the Court sealed the portion of the notes of testimony regarding the arguments on the motion. However, the unsealed portion of the transcript clearly revealed that a severance motion was made by trial counsel and that the motion was heard and decided. N.T. 12/1/2015 at 11-13. Moreover, although the courtroom was cleared of spectators during the argument, the defendant was present throughout. *Id.* at 13. Having discovered that the argument transcript was still sealed, the Court unsealed the transcript and forwarded a copy to defendant on May 25, 2018.

5

2001). Defendant could have, however, raised a claim in his PCRA petition that appellate counsel was ineffective for failing to raise the severance issue on direct appeal.[2] Such a claim, however, would be meritless.

The Pennsylvania Rules of Criminal Procedure provide that "[d]efendants charged in separate indictments or informations may be tried together if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Pa.R.Crim.P. 582(A)(2). The Rules further provide that "[t]he court may order separate trials of…defendants…if it appears any party may be prejudiced by…defendants being tried together." Pa.R.Crim.P. 583. However, "it is well established that 'the law favors a joint trial when criminal conspiracy is charged.'" *Commonwealth v. Serrano*, 61 A.3d 279, 285 (Pa. Super. 2013) (*quoting Commonwealth v. Colon*, 846 A.2d 747, 753-754 (Pa. Super. 2004)). Here, all three defendants were charged with conspiring to rob the complainant, Ronald McNeil, and were alleged to have acted together to break into McNeil's apartment, and to beat and take property from him. Accordingly, the defendants were properly joined for trial under Rule 582.

In his *pro se* petition, defendant argued that he was prejudiced by the joinder because of evidence presented at trial that Commonwealth witness Kimberly Cook was involved in criminal activity with co-defendant Hakim Blatch, unrelated to the instant case. In particular, defendant contended that because Cook admitted to unrelated drug activities with Blatch, the jury likely associated defendant with such criminal activity as well. *Pro Se* Petition at pp. 10, 13-14. In addition, defendant contended that he was unfairly barred from questioning Cook about a homicide case involving Blatch and Cook due to the joinder. *Id.* at 13. Defendant contends that

---

[2] As stated above, Robert Trimble represented defendant both at trial and on appeal. Mr. Trimble filed an *Anders* brief on direct appeal stating counsel's conclusion that the appeal was wholly frivolous. He did not raise the Court's decision on the severance motion as an arguable issue in his *Anders* brief.

defendant, in a separate trial, could have made a compelling argument that the robbery at issue was part of a criminal scheme involving Cook and Blatch that did not involve defendant. *Id.* at 14.

Defendant's argument is without merit. It is true that Cook was Blatch's girlfriend, and that Cook was responsible for setting up the robbery of McNeil. In particular, Cook had seen McNeil with cash, and as a result, set up a date with him, ostensibly for sex. Unbeknownst to McNeil, Cook had enlisted Blatch, who in turn, enlisted defendant and co-defendant Jeffries, to follow Cook to McNeil's house, where they beat and robbed him after Cook let them in. As a result, Cook pled guilty to multiple charges pursuant to a cooperation agreement with the Commonwealth. N.T. 12/7/2015 at 122-123. It is also true that while cooperating with the Commonwealth, Cook admitted to being involved in delivering drug proceeds for an ex-boyfriend. *Id.* at 173-175. However, contrary to defendant's argument, there was never any evidence that the ex-boyfriend was Blatch; rather, it was someone in Jamaica who was never identified during the trial. *Id.* at 215-216. Cook's involvement in the robbery at issue, her unrelated criminal activities, and her cooperation agreement, were all compelling impeachment material and would have been admitted at trial, for the benefit of any of the defendants, regardless of whether severance had been granted. There is no reason to believe that the evidence of Cook's wrongdoing and her relationship with Blatch would have come into evidence any differently at a severed trial where defendant was being tried without Blatch and Jeffries.

As for the homicide investigation, it is true that ballistics evidence connected the crimes here at issue to a homicide.[3] In particular, during the robbery here at issue, when one of robbery victim McNeil's neighbors, Michael Scott, heard a commotion and opened his door to see what

---

[3] No evidence alluding to the homicide was ever presented to the jury.

was happening, defendant turned and shot him. N.T. 12/3/15 at 140-141, 146, 227; 12/7/15 at 95. The ballistics evidence from that shot matched the ballistics in an unrelated homicide investigation. N.T. 12/1/2015 (previously sealed transcript regarding severance motion) at 14. Contrary to defendant's argument, there was never any evidence at any time, nor has any been proffered by defendant, suggesting that Cook was involved in that homicide. Accordingly, no defendant would have been permitted to cross-examine Cook about the homicide regardless of whether the cases were tried jointly or separately.

In addition, while defendant does not present the argument in his petition, trial counsel argued that defendant's case be severed so that counsel could attempt to prove that co-defendants Blatch and Jeffries committed the unrelated homicide with a third co-conspirator, who was not defendant Wallace. N.T. 12/1/2015 (previously sealed transcript regarding severance motion) at 14-16. He contended that if defendant's case was severed, such evidence could be presented. However, counsel proffered no admissible evidence to support his contention. Even if he had, the Court would not have permitted defendant, at a severed trial, to put Blatch and Jeffries on trial for the unrelated homicide and to prove that they committed the homicide with someone other than defendant, so that defendant could make the attenuated argument that someone other than defendant must have then committed the robbery with Blatch and Jeffries. The probative value of such evidence would be far outweighed by the potential for undue delay and confusion of the issues.

Accordingly, defendant's severance motion was without merit and was properly denied by the Court. For that reason, appellate counsel could not have been ineffective for failing to raise the issue on direct appeal, and PCRA counsel could not have ineffective for failing to argue it. No relief is due.

8

*C. Failure to Challenge Weight of the Evidence in a Post-Sentence Motion*

Defendant next claims that trial counsel was ineffective for failing to "file a motion arguing the weight of the evidence post-sentence." Statement of Matters at ¶ 3. Additionally, defendant claims that PCRA counsel was ineffective for failing to argue and request an evidentiary hearing on this issue. *Id.* However, trial counsel *did* file a post-sentence motion challenging the weight of the evidence, which the Court denied on April 4, 2016. *See* Post Trial Motion for Reconsideration of Sentence and/or for New Trial, filed 2/17/16 at p. 2.

Nor can defendant claim that appellate counsel was ineffective for failing to raise the issue on appeal. In his *Anders* brief, counsel raised the weight of the evidence as an arguable issue. The Superior Court agreed with counsel that the issue was frivolous. *See* Superior Court Opinion, filed April 17, 2017 at pp. 12-13.

Finally, since both trial counsel and appellate counsel raised the weight claim, and since the claim was rejected by the Superior Court, PCRA counsel could not have been ineffective for failing to raise any claim premised upon the weight of the evidence. No relief is due.

*D. Failure to Raise Hearsay Objection During Kimberly Cook's Testimony*

Defendant next claims that trial counsel was ineffective for failing "to object to the Commonwealth witness, Kimberly Cook's hearsay testimony." Statement of Matters at ¶ 4. Additionally, defendant claims that PCRA counsel was ineffective for failing to argue and request an evidentiary hearing on this issue. *Id.* Both claims are without merit.

The hearsay at issue pertains to conversations among defendant, co-defendants Blatch and Jeffries, and Cook at a speakeasy following the robbery. The hearsay claim is twofold: first, after Cook, during her trial testimony, described the conversations in a manner inconsistent with her prior statements to police, the relevant questions and answers from her prior out-of-court

9

statements were admitted to the jury; and second, Cook was permitted, both in her testimony before the jury, and through her prior statements, to recount for the jury what defendant and Blatch said during the speakeasy conversation. *See* PCRA petition at pp. 21-27. Because all of these statements were admissible under exceptions to the hearsay rule, defendant's claim is without merit.

As to Cook's prior statements to the police, they were admissible for their truth as prior inconsistent statements that were signed and adopted by the declarant. See Pa.R.E. 803.1(1)(b). In the relevant portions of the statements, Cook told police that immediately following the murder, she, defendant, and co-defendants Blatch and Jeffries met outside a speakeasy in South Philadelphia. N.T. 12/7/15 at 95. According to Cook, during that meeting, defendant said that "he [defendant] panicked and he heard the guy come to the door and he shot the door." N.T. 12/7/15 at 95. In addition, Cook told police that while the group was still outside the speakeasy, Blatch said that "by the time he got upstairs, Quadir and Zo[4] had pistol-whipped the guy and he was laying on the floor." N.T. 12/7/15 at 98.

Because Cook, in her statements to police, recounted out-of court-statements of defendant and Blatch, a second level of hearsay was admitted, which requires separate exceptions to the hearsay rule. As to what Cook said she heard defendant say, any statements of the defendant were admissible against him as admissions by a party-opponent. *See* Pa.R.E. 803(25)(A) (providing exception to the hearsay rule for a party's statement offered against that party). As for the statement of Blatch, that was admissible under the co-conspirator exception to the hearsay rule. That exception applies when the statement "was made by the party's coconspirator during and in furtherance of the conspiracy." Pa.R.E. 803(25)(E). Here, the

---

[4] During her testimony, Cook identified "Zo" to be defendant, Alonzo Wallace. N.T. 12/7/15 at 62-63.

10

conspiracy was ongoing, as Cook told police that while these statements were being made, Blatch was dividing the proceeds from the robbery and offering them to the participants. N.T. 12/7/15 at 102-103. Furthermore, Blatch's statement was made in furtherance of the conspiracy, as he was informing his co-conspirator, namely Cook, of what occurred during the robbery. *See Commonwealth v. Johnson*, 838 A.2d 663, 677 (Pa. 2003) (holding "in furtherance requirement" is met when a co-conspirator informs another conspirator of the progress of the conspiracy).

Because the challenged testimony was admissible in evidence, trial counsel could not have been ineffective for failing to object to its admission. Accordingly, PCRA counsel cannot have been ineffective for failing to argue the issue. No relief is due.

*E. Failure to Argue Merger*

Defendant next claims that trial counsel was ineffective for failing to "argu[e] the merger doctrine." Statement of Matters at ¶ 5. In particular, defendant argues that his convictions for aggravated assault should have merged with his robbery conviction. *Pro Se* Petition at pp. 28-30. Additionally, defendant claims that PCRA counsel was ineffective for failing to argue and request an evidentiary hearing on this issue. Statement of Matters at ¶ 5. Both claims are without merit.

"No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S. § 9765; *see Commonwealth v. Golphin*, 161 A.3d 1009, 1028-29 (Pa. Super. 2017). Defendant was convicted of two counts of aggravated assault: one premised upon the beating and pistol-whipping of victim Ronald McNeil during the robbery; and one premised upon defendant shooting victim Michael Scott, when Scott peered outside his door while McNeil was being beaten. Accordingly, the aggravated assault premised upon the

11

shooting of Scott, and the robbery of McNeil, involved different victims and different criminal acts and clearly do not merge.

Although the aggravated assault and the robbery of McNeil did arise from the same criminal act, they also do not merge. Neither aggravated assault, nor robbery encompasses all of the statutory elements of the other offense. To be convicted of aggravated assault as a felony of the first degree, the Commonwealth must prove that a defendant "'attempt[ed] to cause serious bodily injury to another, or cause[d] such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." *Commonwealth v. Fortune*, 68 A.3d 980, 984 (Pa. Super. 2013) (quoting 18 Pa.C.S. § 2702(a)(1)). To be convicted of robbery, the Commonwealth must prove that while in the course of committing a theft, a defendant "inflict[ed] serious bodily injury upon another," or "threaten[ed] another with or intentionally put him in fear of immediate serious bodily injury." *Commonwealth v. Robinson*, 936 A.2d 107, 109 n.3 (Pa. Super. 2007). Unlike robbery, aggravated assault can be committed without committing a theft. Unlike aggravated assault, a robbery can be committed without the perpetrator acting with any specific mental state when causing serious bodily injury. For that reason, robbery and aggravated assault do not merge. *Commonwealth v. Payne*, 868 A.2d 1257, 1263 (Pa. Super. 2005).

Because defendant's merger argument has no merit, trial counsel could not have been ineffective for failing to present it. Furthermore, PCRA counsel cannot have been ineffective for failing to raise a meritless claim. No relief is due.

*F. Failure to Challenge Sufficiency of the Evidence*

Defendant next claims that trial counsel was ineffective for failing to challenge the sufficiency of the evidence, "when the Commonwealth did not prove aggravated assault/serious

12

injury with regards to Mr. Scott." Statement of Matters at ¶ 6. Additionally, defendant claims that PCRA counsel was ineffective for failing to argue and request an evidentiary hearing on this issue. *Id.* However, trial counsel *did* file a post-sentence motion challenging the sufficiency of the evidence, which the Court denied on April 4, 2016. *See* Post Trial Motion for Reconsideration of Sentence and/or for New Trial, filed 2/17/16 at p. 2.

Nor can defendant claim that appellate counsel was ineffective for failing to raise the issue on appeal. In his *Anders* brief, counsel raised the sufficiency of the evidence as an arguable issue. The Superior Court agreed with counsel that the issue was frivolous. *See* Superior Court Opinion, filed April 17, 2017 at pp. 8-12.

Finally, since both trial counsel and appellate counsel raised the sufficiency claim, and since the claim was rejected by the Superior Court, PCRA counsel could not have been ineffective for failing to raise any claim premised upon the sufficiency of the evidence. No relief is due.

G. *Failure to Request a Kloiber Charge*

Defendant next claims that trial counsel was ineffective for failing "to request a Kloiber instruction." Statement of Matters at ¶ 7. In his *pro se* petition, defendant argued that he was entitled to a *Kloiber* charge as to Kimberly Cook's identification because Cook had only met defendant once before the robbery and the identification was made when Cook was far away from defendant and it was dark outside. *Pro Se* Petition at pp. 32-33. Additionally, defendant claims that PCRA counsel was ineffective for failing to argue and request an evidentiary hearing on this issue. Statement of Matters at ¶ 7. Both claims are without merit.

A *Kloiber* charge instructs the jury to receive a witness's identification of a perpetrator with caution where the eyewitness: (1) did not have an opportunity to clearly view the

13

perpetrator; (2) equivocated on the identification of the perpetrator; or (3) had a problem making an identification in the past. *Commonwealth v. Kloiber*, 106 A.2d 820, 826-27 (Pa.), *cert. denied*, 348 U.S. 875 (1954); *see Commonwealth v. Rios*, 920 A.2d 790, 804 (Pa. 2007). A *Kloiber* charge is not appropriate where an eyewitness's identification of the defendant was always positive and the opportunity for the witness to observe the defendant was good. *Kloiber*, 106 A.2d at 826; *Commonwealth v. Upshur*, 764 A.2d 69, 77 (Pa. Super. 2000).

Here, none of the factors that would warrant a *Kloiber* charge was present. Cook had not only known defendant before the robbery, but she was also a co-conspirator of the defendant. N.T. 12/7/15 at 62. Cook testified that after meeting one of the victims, Ronald McNeil, she asked her boyfriend, Blatch to rob McNeil. N.T. 12/7/15 at 60, 68-70. Blatch agreed and arranged to have Jeffries and defendant aid in the robbery. N.T. 12/7/15 at 71-72, 75-76. Cook testified that on the evening of the robbery, she, Blatch and Jeffries picked defendant up in South Philadelphia, and thereafter, the group traveled to 56th Street so Cook could meet up with McNeil. N.T. 12/7/15 at 75, 77. The plan was for Cook to accompany McNeil to his house, while Blatch, Jeffries, and defendant followed in a separate car. N.T. 12/7/15 at 78-79. Cook testified that once she was at McNeil's home, she met defendant and Jeffries at the door, let them inside, and pointed to the room where McNeil was. N.T. 12/7/15 at 86. Following the robbery, she met Blatch, Jeffries, and defendant outside the speakeasy in South Philadelphia, where they discussed the robbery. N.T. 12/7/15 at 91-92. Furthermore, the record demonstrates that Cook had no difficulty identifying defendant at any time. She identified defendant in video stills from the crime scene, in a photo array, and at trial. N.T. 12/7/15 at 60, 116-118.

Accordingly, there was no basis for trial counsel to request a *Kloiber* charge regarding Cook's identification of the defendant. Counsel's failure to do so, therefore, could not have

14

deprived defendant of effective assistance of counsel. Furthermore, PCRA counsel cannot have been ineffective for failing to raise a meritless claim.

### H. PCRA Counsel's Ineffectiveness

Finally, defendant alleges that PCRA counsel was ineffective for filing a *Finley* Letter when all of the above issues were of merit. Statement of Matters at ¶ 8. For the reasons set forth above, all of defendant's claims are meritless. For that reason, PCRA counsel could not have been ineffective for failing to present them, and instead, correctly filed a *Finley* letter. No relief is due.

### IV. CONCLUSION

For all of the foregoing reasons, the Court's order dismissing defendant's PCRA petition should be affirmed.

BY THE COURT:

_____
GLENN B. BRONSON, J.

15

Commonwealth v. Alonzo Wallace                    CP-51-CR-0008101-2014
Type of Order: 1925(a) Opinion

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Court Order upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa.R.Crim.P.114:

**Defense Counsel/Party:**

Alonzo Wallace
MK-2400
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

Type of Service:       ( ) Personal ( ) First Class Mail  (X) Other, please specify: *Certified Mail*

**District Attorney:**

Lawrence Goode, Esquire
Interim Supervisor, Appeals Unit
Office of the District Attorney
Three South Penn Square
Philadelphia, PA 19107-3499

Type of Service:       ( ) Personal  (X) First Class Mail  ( ) Other, please specify:

**Additional Counsel/Party:**

Joseph D. Seletyn, Esquire
Prothonotary
Office of the Prothonotary – Superior Court
530 Walnut Street, Suite 315
Philadelphia, PA 19106

Type of Service:       ( ) Personal  (X) First Class Mail  ( ) Other, please specify:

Dated: May 25, 2018

Kaitlin D. Shire
Law Clerk to Hon. Glenn B. Bronson